UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| GS HOLISTIC, LLC, | No. 2:23-cv-00351 KJM CKD |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KING'S SMOKE SHOP & VAPE, et al., | |
| Defendants. | |

Presently pending before the Court is plaintiff GS Holistic, LLC's ("plaintiff's") motion for default judgment against two defendants: King's Mini Mart d/b/a King Smoke Shop and Hameedullah Nooristani ("defendants"). (ECF No. 37.) This action proceeds on the first amended complaint ("FAC") filed August 30, 2023. (ECF No. 23.) Plaintiff filed this motion on February 12, 2025, and set the motion for a March 26, 2025 hearing. (ECF No. 37.) On March 20, 2025, the Court vacated the motion hearing took the matter under submission pursuant to Local Rule 230(c) and (g). (ECF No. 39.) To date, defendants have not opposed plaintiff's motion or otherwise made appearances in this action.

For the reasons set forth below, the Court will recommend that plaintiff's motion for default judgment be denied and the FAC dismissed with leave to amend.

////

////

1

I.    Background

Plaintiff is a Delaware company with its principle place of business in California. (FAC, ¶ 5.) Plaintiff makes and sells smoking products and is the registered owner of three "Stüdenglass" trademarks:

> • U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.
>
> • U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.
>
> • U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

(Id. at ¶¶ 8, 9, 11.)

Plaintiff alleges that, on October 25, 2022, defendant King Smoke Shop sold a glass infuser affixed with a Stüdenglass Mark to plaintiff's investigator. (Id., ¶¶ 29-30.) "Upon receipt, images and/or the physical unit of the product were inspected by [plaintiff's] agent to determine its authenticity." (Id., ¶ 31.) Upon inspection, plaintiff determined that the glass infuser "was a Counterfeit Good with an Infringing Mark affixed to it." (Id.) Plaintiff alleges that defendant Nooristani authorized, directed, or participated in King Smoke Shop's sale of "the counterfeit goods." (Id., ¶ 32.) Plaintiff does not allege specific facts explaining how the marks affixed to products sold by King Smoke Shop were identical or substantially indistinguishable from one or more trademarks, or why plaintiff believes the products were counterfeit goods.

The FAC asserts claims of trademark counterfeiting and infringement (15 U.S.C. § 1114 and § 1116) and false designation of origin and unfair competition (15 U.S.C. § 1125(a)). Defendants were served but failed to respond, after which the clerk entered default. (ECF Nos. 25, 31, 33 & 34.) Plaintiff moved for default judgment on February 12, 2025, seeking statutory damages of $150,000.00, an injunction, and costs of $1,505.82. (ECF No. 37 at 24-27; see ECF No. 37-7.) Defendants have not appeared nor filed any response.

////

////

II. <u>Legal Standard—Default Judgment</u>

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986)); <u>see</u> Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

In making this determination, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. <u>Id.</u> at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); <u>see also</u> <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978)); <u>accord</u> <u>DIRECTV, Inc. v. Huynh</u>, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); <u>Abney v. Alameida</u>, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

3

III.    Analysis

A. Jurisdiction

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal trademark law, 15 U.S.C. § 1051, et seq.  The Court has personal jurisdiction over defendant King Smoke Shop because it is allegedly incorporated in California and has its principal place of business in Carmichael, California. (FAC, ¶¶ 3, 5.) The Court has personal jurisdiction over defendant Nooristani, who allegedly owned, managed, and/or operated King Smoke Shop and is allegedly a California resident. (FAC, ¶¶ 3, 7.)

B. Default Judgment

1. Service of Complaint

In reviewing a motion for default judgment, the Court must determine whether defendants were properly served with the summons and complaint. Fed. R. Civ. P. 4(c).

Rule 4(h) of the Federal Rules of Civil Procedure allows for service of a corporation by "delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any agent authorized . . . to receive service of process" on behalf of the corporation.  Fed. R. Civ. P. 4(h)(1)(B).  On April 25, 2024, a third-party process server served a copy of the FAC and summons on Camran Smith, the store manager and an agent/employee of defendant King's Smoke Shop. (ECF No. 25.)

Rule 4(e) allows for service of an individual by "delivering a copy of the summons and of the complaint to the individual personally" or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]"  Fed. R. Civ. P. 4(e)(2)(A)-(B).  On October 7, 2024, a third-party process server served a copy of  the FAC and summons on Monisa Nooristani, described as the mother and co-resident of defendant Nooristani.  (ECF No. 31.)

////

////

4

    2. Eitel Factors

"Before evaluating the Eitel factors, the undersigned notes that Plaintiff has brought many similar, if not identical, claims concerning the Stüdenglass Marks against other defendants." GS Holistic, LLC v. Mr Vape Smoke Shop, No. 1:23-cv-00282-DJC-SCR, 2024 WL 4545885, *3 (E.D. Cal. Oct. 22, 2024) (collecting cases). "[M]ost judges have found Plaintiff's allegations vague and conclusory, and therefore insufficient to satisfy the standard for default judgment." Id. (collecting cases). See also GS Holistic, LLC v. Shinwar, No. 2:23-cv-0355-CSK, 2024 WL 3890082, *8 (E.D. Cal. Aug. 20, 2024) ("Numerous courts in the Ninth Circuit have found vague and conclusory allegations made by Plaintiff to be insufficient to grant default judgment.") (collecting cases).

As in a near-identical case brought by plaintiff[1], the undersigned recommends denying plaintiff's motion for default judgement because plaintiff has not satisfied the second and third Eitel factors, i.e., the merits of plaintiff's substantive claim and the sufficiency of the complaint. See Eitel, 782 F.2d at 1471-72. See also GS Holistic, LLC v. Muthanna, No. 2:24-cv-01641-CSK, 2025 WL 2099314, **5-6 (denying default judgment due to complaint's lack of necessary facts and vague and conclusory allegations, "as other courts have noted") (collecting cases); Abney, 334 F. Supp. 2d at 1235 ("[A] default judgment may not be entered on a legally insufficient claim.").

Plaintiff alleges trademark counterfeiting and infringement under 15 U.S.C. § 1114 and §1116. To state an infringement claim, plaintiff must adequately allege 1) the existence of a valid trademark, 2) the defendant used the mark, and 3) the defendant's use of the mark is likely to cause confusion. Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 969 (9th Cir. 2007).

For trademark counterfeiting, a plaintiff must allege that "the mark in question [is] (1) a non-genuine mark identical to the registered, genuine mark of another, where (2) the genuine mark was registered for use on the same goods to which the infringer applied the mark[.]" Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 946 (9th Cir. 2011) (citing 15

---

[1] GS Holistic, LLC v. J's Smoke Shop, et al., No. 1:23-00286-KJM-KJN, 2024 WL 1054899 (E.D. Cal. March 11, 2024).

5

1  U.S.C. § 1116(d)). Additionally, "[l]ike trademark infringement claims, trademark counterfeiting
2  requires the plaintiff to show a likelihood of confusion." Y.Y.G.M. SA v. Redbubble, Inc., 75
3  F.4th 995, 1004 (9th Cir. 2023). The Lanham Act defines "counterfeit" as "a spurious mark
4  which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. §
5  1127.

6        Plaintiff also alleges false designation of origin and unfair competition under 15 U.S.C. §
7  1125(a). To establish a claim for false designation of origin under 15 U.S.C. § 1125(a), a plaintiff
8  must show the defendant used a false designation of origin in interstate commerce that is likely to
9  cause confusion, mistake, or deception as to the origin, sponsorship, or approval of defendants'
10 goods or services. Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007). Claims for
11 false designation of origin, as a type of unfair competition claim, are analyzed similarly to
12 infringement claims because the "ultimate test" for these claims are the same: the public's
13 likelihood of confusion. Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2008) (using
14 the same likelihood of confusion test to analyze trademark infringement and false designation of
15 origin claims); see also Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp., 174 F.3d 1036, 1046
16 (9th Cir. 1999) (considering false designation of origin claim as one of "unfair competition").

17       a.   Existence of a Valid Trademark

18       Registration of a mark "on the Principal Register in the Patent and Trademark Office
19 constitutes prima facie evidence of the validity of the registered mark and of [the registrant's]
20 exclusive right to use the mark on the goods and services specified in the registration." Applied
21 Info., 511 F.3d at 970 (internal citation omitted). Here, plaintiff has sufficiently alleged that it has
22 three valid, protectable trademarks. (FAC, ¶ 11.) Because the complaint sufficiently alleges that
23 three trademarks are federally registered to plaintiff, the first prong of trademark infringement is
24 adequately pleaded.

25       b.   Defendants' Use of the Mark

26       Plaintiff's complaint lacks sufficient factual allegations regarding defendants' use of the
27 trademark. The complaint alleges that defendants sold a glass infuser affixed with "a
28 Stündenglass Mark." (FAC, ¶ 30.) Yet, the FAC alleges that defendants sell products affixed

with "marks" (plural) that are "identical with, or substantially indistinguishable from" plaintiff's trademarks. (FAC, ¶ 28; see FAC, ¶¶ 29, 33, 35, 36, 37, 43 (alleging defendants' misuse of the "marks")).

The FAC does not explain what the mark affixed to the inspected glass infuser looked like, which of the three registered trademarks it resembled, or how the alleged inspection of *one* glass infuser bearing *one* mark supports the FAC's broader allegations of multiple items for sale bearing more than one registered mark. See, e.g., GS Holistic, LLC v. J's Smoke Shop, 2024 WL 1054899 at *2 ("it is unclear to the court whether the glass diffuser sold bore one mark, or all three marks"); GS Holistic, LLC v. Mr Vape Smoke Shop, 2024 WL 4545885, *4 (complaint references three registered marks, but "uses only the *singular* 'a Stündenglass Mark' when describing the infuser purchased by Plaintiff's investigator") (emphasis in original). Moreover,

> [p]laintiff's failure to explain what its agent did to inspect the infuser, including how that inspection could differentiate a counterfeit Stündenglass infuser from a bona fide Stündenglass infuser, combined with a boilerplate confirmation of the infuser's counterfeit status, falls short of showing that its mark was infringed. If, as other courts have noted, Defendant is merely reselling Plaintiff GS Holistic's products, this would not be infringement.

Id. at *5 (internal quotation marks and citations omitted).[2] Nor has plaintiff adequately pleaded a counterfeiting theory. See GS Holistic, LLC v. J's Smoke Shop, 2024 WL 1054899 at *5 ("Mere assertions that the infuser sold [at defendant shop] is a 'counterfeit good with an infringing mark' are conclusory statements, which are not taken as true.").

Moreover, the FAC "does not allege when [the allegedly infringing] use began—much less provide any other details about [defendants'] allegedly infringing actions. The Court cannot supply necessary facts that are omitted from the Complaint." GS Holistic, LLC v. Muthanna, 2025 WL 2099314, *5 (collecting cases).

Finally, as in a similar case,

---

[2] While plaintiff attaches photos to the motion for default judgment purporting to show that "the trademarks on the counterfeit product are almost identical to" plaintiff's three registered trademarks (ECF No. 37 at 18; see ECF No. 37-6), these are not part of the operative complaint and do not go to the sufficiency of the complaint.

7

> [T]he Court is troubled by Plaintiff's conclusory assertions that [defendant Nooristani is] personally liable for the asserted damages.
>
> . . . [C]ases in the Ninth Circuit imputing personal liability on corporate officers "have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct" or "the 'central figure' in the challenged corporate activity." Wolf Designs, Inc. v. DHR Co., 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) (quoting Davis v. Metro Prods., Inc., 885 F.2d 515, 524 (9th Cir. 1989)).

GS Holistic, LLC v. Shinwar, 2024 WL 3890028, *7.

For these reasons, the second element is insufficiently pled, and plaintiff has not established success on the merits of its claims. See Eitel, 782 F.2d at 1471.

    c. Likelihood of Confusion

Plaintiff has not adequately shown the third element, likelihood of confusion. Courts determine the likelihood of confusion by considering: (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) the evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and degree of care consumers are likely to exercise in purchasing them; (7) the intent of the defendant in selecting the mark; and (8) the likelihood that the parties will expand their product lines. Lodestar Anstalt v. Bacardi & Co. Ltd., 31 F.4th 1228, 1252 (9th Cir. 2022) (citing AMF Incorporated v. Sleekcraft Boats, 599 F.2d 341, 348-54 (9th Cir. 1979), abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792 (9th Cir. 2003)).

Here, the FAC does not allege sufficient facts from which the court can infer a likelihood of confusion under the Sleekcraft factors. "While plaintiff's motion makes passing reference to the Sleekcraft factors, plaintiff makes little to no effort to apply the applicable legal standard to the sparse facts of this case." GS Holistic, LLC v. J's Smoke Shop, 2024 WL 1054899 at *3.

Accordingly, the Court finds that plaintiff's allegations in the FAC are insufficient for the purposes of default judgment.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (ECF No. 37) be denied;
2. The First Amended Complaint (ECF No. 23) be dismissed without prejudice; and

3. Plaintiff be granted thirty (30) days to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/gshol0352.f&r.CJRA

9